**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2448

REGINALD SIMMONS,

Plaintiff - Appellant,

versus

GEORGE J. JELNIKER; BARBARA J. JELNIKER;
GROVER RICHARDSON,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-
02-2204-8-PJM)

Argued: December 1, 2004          Decided: February 8, 2005

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Frederic W. Schwartz, Jr., Washington, D.C., for Appellant.
James Sunderland Aist, ANDERSON, COE & KING, Baltimore, Maryland,
for Appellees. **ON BRIEF:** Joseph B. Espo, BROWN, GOLDSTEIN & LEVY,
Baltimore, Maryland; J. Kenneth Kruvant, Washington, D.C., for
Appellant.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Plaintiff Reginald Simmons appeals the district court's grant of summary judgment on his claims for negligence and deceptive trade practices as a result of injuries he sustained in a fire. We affirm.

On December 11, 2001, Simmons was severely injured in an apartment fire, during which his smoke detector failed to activate. The apartment building, owned by defendants George and Barbara Jelniker and managed by defendant Grover Richardson, was part of a complex of garden apartments in Oxon Hill, Maryland. Each individual apartment unit was equipped with a smoke detector that was hardwired into the building's electrical system. Richardson presented evidence that he conducted routine inspections of Simmons's smoke detector in June and October 2001 and found it in working order each time. Additionally, in June 2001, the fire department inspected the apartment building and concluded that it complied with the applicable fire code.

Following the fire, the fire department determined that the circuit breaker controlling the power for the smoke detector in Simmons's apartment had been turned off prior to the fire. It was determined that the breaker had not been tripped as a result of a power surge or other irregularity. The fire department issued a "correction order" directing that the apartment complex "[i]nstall smoke detectors in a manner in which they cannot be shut-off at

2

[the] circuit panel box." J.A. 131. The correction order cited Prince George's County Code ("County Code") § 11-258, which provided the following with respect to installation: "Smoke detectors may be directly hard wired to the building's power supply or operated on a plug-in outlet which is fitted with a plug restrainer device, provided that said outlet is not controlled by any switch, and further provided that there is no switch or cord switch on the detector. Monitored battery-supply units may be substituted." J.A. 52.

Lieutenant John Ragusa indicated that the County Code, as it was written at the time of Simmons's fire, did not require "either direct hard wiring into the building electric or alternatively a battery operated backup." J.A. 210. Because of a previous fire at another apartment complex in which a smoke detector was disabled when the power was shut off for nonpayment, however, the Fire Department decided to require battery-powered backup systems. The County Code was not amended, nor was notice of this change given prior to the fire at Simmons's apartment building. In May 2002, the Fire Department finally sent written notification to all of the area garden apartments indicating that a lithium-powered backup system would be required for future compliance with the County Code. In issuing this notification, the Fire Department invoked the Fire Chief's power under the County Code § 11-161(a)(2) to order "dangerous conditions . . . to be remedied," including

3

"[c]onditions which would interfere with the efficiency and use of any fire protection equipment." J.A. 213.

Simmons brought this action against Richardson and the Jelnikers, asserting two separate claims. First, Simmons asserted a negligence claim, alleging that the defendants breached duties "to equip plaintiff's residence with a working smoke detector" and "maintain the premises in a safe and habitable manner." J.A. 8. Simmons contends that these duties arose primarily from County Code § 11-258. See generally Aravanis v. Elsenberg, 206 A.2d 148, 158 (Md. 1965) ("In Maryland, violations of a statute or ordinance are evidence of negligence but do not constitute negligence per se.").

The district court concluded that the hardwiring of a smoke detector through the apartment's breaker box into the building's AC power supply did not violate § 11-258 of the County Code. We agree that the straightforward language of this provision did not require, either explicitly or implicitly, that the smoke detectors be wired such that a person could not disable them at a breaker box. Moreover, we reject Simmons's argument that the defendants failed to comply with the County Code to the extent it rests on the correction order to defendants, issued after the fire, or the notification to area garden apartment complexes issued six months after the fire. Neither the correction order nor the notification presents evidence that the Fire Department believed the defendants were not in compliance with County Code § 11-258 at the time of the

4

fire.  Indeed, the Fire Department issued its broad notification requiring battery-operated backup systems pursuant not to § 11-258 but rather § 11-161(a)(2), allowing the Fire Chief to order "dangerous conditions . . . to be remedied," including "[c]onditions which would interfere with the efficiency and use of any fire protection equipment."  J.A. 213.  Further, we reject Simmons's argument that deference principles under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) apply here.

Simmons also argues that the installation of his smoke detector did not comply with certain fire safety standards created by the National Fire Protection Association (NFPA) and applicable through incorporation by County Code § 11-258(g).  One of these standards, § 2-1.2.1 of the National Fire Alarm Code, states that "[a]n ac primary (main) power source shall be a dependable commercial light and power supply source.  A visible 'power on' indicator shall be provided."  J.A. 48.  Simmons proffered expert testimony from Dr. Gregory Harrison that the smoke detector was not connected to a commercially "dependable" source because the power source was not "uninterruptible."  J.A. 39.  Dr. Harrison relied on NFPA § 2-1.2.3, which indicated that even "[a] cord-connected installation is acceptable provided the installation makes use of a receptacle not subject to loss of power by a wall switch.  A restraining means shall be used at the plug-in."  J.A. 44.

5

Harrison agreed that this provision was addressing detectors that were plugged into wall receptacles, meaning that the power supply could be inadvertently interrupted by someone flipping a wall switch or kicking the plug out of the outlet. Thus, we agree with the district court that none of the NFPA standards applicable at the time of the fire made the installation of Simmons's fire detector improper, "including the use of a switch on the circuit breaker." J.A. 276.[*]

Finally, with respect to Simmons's negligence cause of action, we agree with the district court that there was no common law duty at play in this case -- "[w]hatever duty existed here existed by reason of . . . statutory obligation on the part of the defendants." J.A. 270. Thus, the defendants' compliance with any applicable statutes or ordinances defeats Simmons's negligence claim. Simmons failed to identify any breach of duty by the defendants under the aforementioned or any other statute or ordinance. Accordingly, we affirm summary judgment for the defendants on the negligence cause of action.

Simmons's second cause of action alleges that the defendants breached the Maryland Consumer Protection Act, which prohibits any

---

[*]Simmons contends that the 1977 version of the NFPA standards was in effect at the time of the fire. The defendants disagree, citing the 1993 version of the applicable NFPA standards. Because we conclude that Simmons cannot win even under the 1977 version of the NFPA standards, we need not determine which version was applicable.

person from engaging in any unfair or deceptive trade practices. See Md. Code Ann. Comm. Law Art. § 13-301 et seq. Simmons argues that the defendants "violated a number of provisions of the Housing Code as well as the Fire Code, and both give rise to claims under the Consumer Protection Act as well." Brief of Appellant at 14. As set forth above, Simmons has not presented a case sufficient to survive summary judgment on the issue of code compliance. Moreover, Simmons has not identified a specific practice by defendants apart from these provisions that qualifies as deceptive or unfair within the meaning of the Act. Accordingly, we also affirm summary judgment for the defendants on Simmons's cause of action under the Consumer Protection Act.

AFFIRMED

7